NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0111n.06

No. 15-3554

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>LUIS CRUZ-OSORNIO,</td><td>)</td><td rowspan="10"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Petitioner,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>LORETTA LYNCH, Attorney General,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Respondent.</td><td>)</td></tr>
</table>

**FILED**
Feb 25, 2016
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

Before: GRIFFIN and KETHLEDGE, Circuit Judges; CLELAND, District Judge.[*]

KETHLEDGE, Circuit Judge. Luis Cruz-Osornio petitions for review of a Board of Immigration Appeals determination that he is ineligible for cancellation of removal because he lacks 10 years' continuous presence in the United States. We deny the petition.

Cruz-Osornio, a Mexican national, entered the United States without inspection in 1998 and settled in this country illegally. In 2003 the government served him with a notice to appear for removal proceedings pursuant to 8 U.S.C. § 1229(a). Thereafter an immigration judge allowed Cruz-Osornio to depart the United States voluntarily by January 2005. *See* 8 U.S.C. § 1229c(a)(1). Cruz-Osornio left for Mexico in December 2004 and returned without inspection to the United States less than a month later, in January 2005. In February 2010, police arrested Cruz-Osornio for driving without a license. The Department of Homeland Security later served him with another notice to appear for removal proceedings.

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

In August 2011, Cruz-Osornio filed an application for cancellation of removal under 8 U.S.C. § 1229b(b). That provision affords the Attorney General discretion to cancel an alien's removal if, among other things, the alien was "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application." 8 U.S.C. § 1229b(b)(1)(A). An immigration judge reviewed Cruz-Osornio's application and found that he did not qualify for cancellation of removal because he had not been continuously present in the United States for 10 years. The Board of Immigration Appeals agreed and dismissed Cruz-Osornio's appeal.

Cruz-Osornio now argues that the Board erred as a matter of law in concluding that he lacks ten years' continuous presence in the United States. Specifically, he contends that his physical presence under 8 U.S.C. § 1229b(b)(1)(A) should be measured from the date he first entered the United States in 1998, not from the date of his re-entry in 2005. We review de novo the Board's legal determinations, and uphold the Board's factual findings so long as they are supported by substantial evidence. *See Hanna v. Holder*, 740 F.3d 379, 386 (6th Cir. 2014).

The immigration statute prescribes "[s]pecial rules relating to continuous residence or physical presence[.]" 8 U.S.C. § 1229b(d). Among these is that "any period of . . . continuous physical presence . . . shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title[.]" 8 U.S.C. § 1229b(d)(1).

The Board's opinion states that Cruz-Osornio "was given voluntary departure after the issuance of a Notice to Appear and a grant of voluntary departure in 2004." That qualifies as a presumptively accurate finding of fact. *See* 8 U.S.C. § 1252(b)(4)(B); *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Moreover, in proceedings before the immigration judge, Cruz-Osornio acknowledged that he appeared before an immigration judge in 2003 after he was issued a notice to appear for removal proceedings. The undisputed reality is that, no later than 2003, Cruz-Osornio received a notice to appear for removal proceedings. Cruz-Osornio's first

period of continuous physical presence in the United States ended when he was first served with a notice to appear for removal proceedings. *See Gonzalez-Garcia v. Holder*, 770 F.3d 431, 435 (6th Cir. 2014). Cruz-Osornio then began a new period of continuous physical presence in early 2005, when he returned without inspection to the United States. Thus, when the government served Cruz-Osornio with a second notice to appear in 2010, he had been in the United States continuously for only five years. Cruz-Osornio therefore lacked ten years' continuous presence in the United States for purposes of section 1229b(b), which means he is ineligible for relief under that provision.

The petition for review is denied.